# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:03CR4-8-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RODERICK WILLIAMS, ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Roderick Williams' Motion(s) Requesting Production of Audio or Tape Recordings. (Documents #530, #531, #544, #545, and #549)[1] The Government did not respond to Defendant's motions.

In his motions, Defendant requests that he be allowed access to the tape recordings kept by the respective court reporter(s) during his suppression hearing as well as his jury trial.[2] The suppression hearing was conducted immediately preceding commencement of trial, on July 6, 2004. Trial began on July 7, 2004, and concluded on July 22, 2004.

---

[1] The above documents refer to filings submitted by Defendant, respectively dated May 9th, 10th, 17th, 30th and 31st of 2005.

[2] Official Court Reporter, Cheryl Nuccio, was responsible for transcribing the suppression hearing on July 6, 2004. The suppression hearing transcript was filed with the Court on **March 8, 2005.**
    Two court reporters shared the responsibility for preparing the official record of Defendant's trial. The trial transcript for July 19, 2004 through July 22, 2004 was filed on **May 11, 2005**. This portion of trial testimony and proceedings was transcribed by Official Court Reporter Joy Kelly. Reporter Nuccio was responsible for transcribing the remainder of the trial proceedings. On **July 8, 2005**, Ms. Nuccio filed the transcript for proceedings occurring July 7th, 9th, and 12th - 16th of 2004. Ms. Nuccio and Ms. Kelly are employed by the Court and serve on a regular basis.
    A transcript of Defendant's trial testimony was filed on **August 25, 2004**. Additional excerpts of testimony occurring on July 20, 2004, as well as a copy of the jury instructions, were filed on **February 9, 2005**.

1

Defendant asserts, in conclusory fashion, that portions of the trial transcript have been altered because the transcripts do not "reflect the accurateness of the trial." (Document #549, at 1.) With respect to the suppression hearing transcript, Defendant alleges that: "D.C. Ramsey[sic] trial testimony from July 20, 2004 in reference to declarations by Larry Robinson which were used in search warrant Affidavit were unlawfully altered into suppression hearing July 6, 2004." (Document #545, at 1.) Defendant also makes sweeping claims of prosecutorial misconduct as a basis for requiring production of the tape recordings.

Defendant is not entitled to review the audio recordings for purposes of ensuring accuracy of the transcript. According to the *Guide To Judiciary Policies and Procedures*,

> Back up tapes made by court reporters for their own convenience and not otherwise required by 28 U.S.C. §753 are the personal property of the court reporters. There is no public entitlement to these recordings, with the exception of recordings of arraignments, changes of plea, and sentencings[.]

Vol. VI, *Guide to Judiciary Policies and Procedures*, §16.5.4 (2000); Accord, §17.7.1.

While the Court did not locate any Fourth Circuit opinion on this issue, there is persuasive authority prohibiting this practice where an audio recording is not deemed the "official record" of a proceeding. Smith v. U. S. District Court Officers, 203 F.3d 440 (7th Cir.2000); United States v. McVeigh, 931 F.Supp. 753 (D.Co. 1996)(release of back-up recordings contrary to F$_{ED}$. R. C$_{RIM}$. P. 53, which prohibits the broadcast of criminal proceedings). In Smith, the Seventh Circuit explained the distinction between audiotapes that serve as the only verbatim record of a stage in the proceedings as opposed to audiotapes that merely serve as a back up of the court reporter's stenographic record. Smith, 203 F.3d at 441-442. The appellate court sought guidance from Title 28, United

2

States Code, Section 753, which governs the use of court reporters in federal courts.

> Section 753(b) requires that proceedings in open court be recorded verbatim, but permits the recording to be done by any reliable method, including taping; and it also requires the reporter to file the "original records" in court. At a minimum, those records are judicial records within the meaning of the access rule. It follows that if an audiotape is the only record made of a proceeding, it must be filed with the court.

Id. at 441; 28 U.S.C. §753. Thus, the Seventh Circuit stated that audiotapes that merely back up the court reporter's stenographic record should not be deemed judicial records *unless some reason is shown to distrust the accuracy of the stenographic transcript*. Id. at 442 (*emphasis added*).

In this case, the audio recordings are maintained solely for the benefit of the court reporters in preparing the stenographic transcript. The transcript serves as the official record of the relevant proceedings and is then filed with the Court. Consistent with 28 U.S.C. § 753, the transcript is made available to the public. The court reporter's audio tapes are not judicial records subject to the public's right to access. Further, there is no evidence before this Court calling the accuracy of the official transcripts into question. Defendant's self-serving claims that the transcripts are inaccurate or have been altered do not tend to establish inaccuracy or alteration and do not impugn the integrity of the official transcript.

Finally, Defendant makes his request pursuant to Rule 1002 of the Federal Rules of Evidence, otherwise known as the best evidence rule.[3] Because the official transcripts

---

[3] Rule 1002 reads:

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these

at issue here were not admitted into evidence, Rule 1002 is inapplicable. To the extent Defendant merely challenges specific testimony by pointing to inconsistencies in witnesses' testimony, the certified transcript of the witnesses' testimony is the best evidence. King v. Hilton, 503 F.Supp. 303, 312 (D. N.J. 1979)("Where the alleged prior inconsistent statement is in the form of testimony taken on a stenographic record, the best evidence is a certified transcript of that record.")

**IT IS, THEREFORE, ORDERED** that the Defendant's Motions are hereby **DENIED**.

---

rules or by Act of Congress.

FED. R. EVID. 1002.

**Signed: October 14, 2005**

Richard L. Voorhees
United States District Judge