# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL DOCKET NO.: 5:03CR4

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **RODERICK WILLIAMS (8),** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the following thirty *pro se*, post-trial motions

filed by Defendant:

1. <u>Motion Objecting to Drug Type and Amount and Affidavit of Roderick Williams in Support</u>, both filed April 1, 2005 [Docs. ##493, 494];

2. <u>Motion for Judgment of Acquittal or Reversal</u>, filed April 11, 2005 [Doc. #496] and <u>Affidavit of Roderick Williams</u>, filed April 28, 2005 [Doc. #527];

3. <u>Motion Objecting to Drug Type and Amount</u>, filed April 11, 2005 [Doc. #497];

4. <u>Motion Objecting to Homicide Enhancement</u>, filed April 11, 2005 and <u>Memorandum in Support of Motion Objecting to Homicide Enhancement</u>, filed May 26, 2005 [Docs. ##499, 547];

5. <u>Motion Pursuant to Violation of 6th and 14th Amendments</u>, filed April 14, 2005 [Doc. # 503];

6. <u>Motion Pursuant to Violation of 5th and 6th Amendments</u>, filed April 14, 2005 [Doc. # 504];

7. <u>Motion Pursuant to Violation of 6th and 14th Amendments</u>, filed April 14, 2005 [Doc. # 505];

8. <u>Motion Pursuant to Violation of 6th and 14th Amendments</u>, filed April 14, 2005 [Doc. # 506];

9. <u>Motion Objecting to Denial of Motion to Suppress Evidence</u>, filed April 15, 2005 [Doc. #

507];

10.     <u>Motion Objecting to the Erroneously Admitted Co-Conspirator Statements</u>, filed April 14, 2005 [Doc. #508];

11.     <u>Motion Objecting to Erroneously Admitted 404(b) Evidence</u>, filed April 14, 2005 [Doc. # 509];

12.     <u>Motion Objecting to 404(b) Evidence</u>, filed April 14, 2005 [Doc. #510];

13.     <u>Motion Objecting to the Denial of Severance</u>, filed April 14, 2005 [Doc. #511];

14.     <u>Motion Objecting to Prosecutor Misconduct During Grand Jury Proceedings</u>, filed April 14, 2005 [Doc. #512];

15.     <u>Motion Objecting to Improper Questions Asked by Prosecutor</u>, filed April 14, 2005 [Doc. #513];

16.     <u>Motion Objecting to Tampered and Insufficient Evidence</u>, filed April 14, 2005 [Doc. # 514];

17.     <u>Motion for Ineffective Assistance of Counsel</u>, filed April 14, 2005 [Doc. #515];

18.     <u>Motion for *Brady* Material</u>, filed April 18, 2005 [Doc. #520];

19.     <u>Motion Objecting to the Career Offender Enhancement and Objection to Prior Convictions for Assault on Government Official</u>, filed April 22, 2005 [Doc. #522];

20.     <u>Motion for Grand Jury Transcripts</u>, filed April 28, 2005 [Doc. #528];

21.     <u>Motion for Judgment of Acquittal and/or Reversal</u>, <u>[First] Affidavit of Roderick Williams in Support of Motion Requesting Judgment of Acquittal and/or Reversal</u>, <u>Affidavit of Roderick Williams to Accept Motion Requesting Judgment of Acquittal and/or Reversal as Original</u>, <u>[Second] Affidavit of Roderick Williams in Support of Motion for Judgment of Acquittal and/or Reversal</u>, <u>[Third] Affidavit of Roderick Williams in Support of Motion for Judgment of Acquittal and/or Reversal</u>, <u>[Fourth] Affidavit of Roderick Williams in Support of Motion for Judgment of Acquittal and/or Reversal</u>, all filed May 12, 2005 [Docs. ##532, 533, 534, 535, 536, 537];

22.     <u>Motion for Reconsideration of Order Denying Subpoena of Witnesses</u>, filed May 13, 2005 [Doc. #541];

23.     <u>Motion Informing Court of Deliberate Fraud by Prosecutor</u> and <u>Affidavit of Roderick

Williams in Support of Motion Informing Court of Deliberate Fraud by Prosecutor, both filed May 13, 2005 [Docs. #542, 543];

24.     Motion Pursuant to Violation of 6th and 14th Amendments, filed June 1, 2005 [Doc. #548];

25.     Motion Pursuant to Violation of 6th and 14th Amendments and the Admissibility of Co-Conspirator Out of Court Declarations, filed June 9, 2005 [Doc. #550];

26.     Motion for Witnesses to be Subpoenaed and Affidavit of Roderick Williams in Support of Motion for Witnesses to be Subpoenaed, both filed July 11, 2005, and Addendum to Motion Requesting Witnesses to be Subpoenaed, filed September 30, 2005 [Docs. ##553, 554, 578];

27.     Motion for Judgment of Acquittal and /or Reversal, filed September 9, 2005 [Doc. #570];

28.     Motion for Judgment of Acquittal and/or Reversal, filed September 30, 2005 [Doc. # 572];

29.     Motion for Judgment of Acquittal and/or Reversal, filed September 30, 2005 [Doc. # 573]; and

30.     Motion for Judgment of Acquittal and/or Reversal, Affidavit of Roderick Williams, [First] Affidavit - Addendum to Motion Requesting Judgment of Acquittal and/or Reversal, [Second] Affidavit - Addendum to Motion Requesting Judgment of Acquittal and/or Reversal, and Legal Argument Requesting Rule 29 Motion, all filed September 30, 2005 [Docs. ##574, 575, 576, 577, 579].[1]

## I. FACTUAL AND PROCEDURAL HISTORY

This case has had a long and tortuous history.  However, in light of the numerous pending motions, the Court will once again recite the pertinent facts and procedural history in order to create a framework for this Order.

On January 29, 2003, Defendant was indicted, along with seventeen other defendants, and charged with: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine

_____

[1]It is clear to the Court that many of the Motions listed above are duplicative (i.e., Motion Pursuant to Violation of 6th and 14th Amendments was filed five times).  In the interest of time and judicial economy, the Court will address such duplications as one motion.  Therefore, the Court's disposition as to the originally filed motion applies to the duplicate motions as well.  For example, if the originally filed motion is denied, all duplicates are likewise denied.

and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One); (2) possession with the intent to distribute 500 grams or more of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Six); and (3) possession of a firearm during and in furtherance of a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1), 2 (Count Seven). In addition to these three charges, on June 29, 2004, the Government filed its Fourth Superseding Indictment, in which Defendant was further charged with possession of a firearm during and in furtherance of a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1), 2 (Count Nine).[2]

On July 22, 2004, a jury found Defendant guilty of all four counts. Subsequent to the jury's verdict, Defendant's attorney made a Motion for Judgment of Acquittal and To Set Aside the Verdict, which the Court denied. Thereafter, Defendant began filing numerous *pro se*, meritless motions with the Court.

On September 2, 2004, this Court imposed a pre-filing injunction, enjoining Defendant from continuing to file *pro se* motions in this case unless the Court granted permission for such filing or his attorney adopted the motion as non-frivolous. Despite the Court's injunction, Defendant continued to file meritless motions. In accordance with the injunction, however, the Court refused to consider the motions filed by Defendant.

On April 1, 2005, this Court granted defense counsel's Motion to Withdraw but ordered defense counsel to serve as stand-by counsel to assist Defendant during future proceedings. Due to the fact that Defendant was now representing himself *pro se*, the Court lifted the September 2,

---

[2]The Ninth Count was initially brought against Defendant in the Government's Second Superceding Indictment. However, the Fourth Superceding Indictment was the final Indictment filed by the Government prior to Defendant's trial.

2004 filing injunction. Since the lifting of the injunction, Defendant has evidently done little else than file motion after motion with the Court. Defendant has not yet been sentenced by the Court.

## II. DISCUSSION

**A.  Motions Objecting to Drug Type and Amount** [Docs. ##493, 494, 497]

In these Motions, Defendant contends that this Court erred when it determined the drug amount and type by a preponderance of the evidence. Relying in part on *United States v. Booker*, 125 S. Ct. 738 (2005), Defendant argues that the Court's enhancement of his sentence based on the Court's own finding that Defendant possessed 1.5 kilograms of crack cocaine violates his Sixth Amendment rights.

The *Booker* court found that enhancing a sentence based on facts found by the court alone and not by a jury violated the Sixth Amendment imperative that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The *Booker* court concluded that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone. *Booker*, 125 S. Ct. at 756.

In the instant case, Defendant has not yet been sentenced, so his objection to the Court "enhancing" his sentence based on the Court's own finding of a drug quantity is premature. In any event, however, Defendant was charged in Count One with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, and in Count Six with Possession with Intent to

Distribute Cocaine and Aiding and Abetting the Same. As noted above, on July 22, 2004, a jury convicted the Defendant on each of these Counts, as well as on Count Seven and Count Nine. Significantly, the jury determined in part that the Government proved beyond a reasonable doubt that the conspiracy alleged in Count One involved the distribution of *at least* 50 grams of cocaine base and *at least* five (5) kilograms of cocaine. With regard to Count Six, the jury found that the Government proved beyond a reasonable doubt that Defendant possessed with intent to distribute *at least* 500 grams of cocaine. Therefore, the Court properly submitted to the jury the issue of amount of drugs for which Defendant was responsible. Moreover, at Defendant's sentencing hearing, the Court will hear evidence regarding the amount of drugs attributable to Defendant.

Therefore, for the reasons stated above, Defendant's Motions Objecting to Drug Type and Amount are premature and are hereby <u>denied</u>.

**B.    Motions for Judgment of Acquittal and/or Reversal** [Docs. ##496, 527, 532, 533, 534, 535, 536, 537, 570, 572, 573, 574]

Defendant moves the Court for Judgment of Acquittal or Reversal, arguing that evidence presented at trial violated his right to due process. Defendant makes unsupported and unsubstantiated allegations of prosecutorial misconduct, perjured testimony by witnesses, and presentation of false evidence.[3]

Rule 29 of the Federal Rules of Criminal Procedure allows a defendant to move for judgment of acquittal or renew such motion within *seven days* after a guilty verdict or after the court discharges the jury. FED. R. CRIM. P. 29(c)(1). On July 22, 2004, the jury returned a verdict against Defendant. On that same day, defense counsel moved for a Judgment of Acquittal

---

[3]As in previous filings, although Defendant apparently considers himself versed in the law, he completely fails to articulate a coherent legal argument that entitles him to relief.

or to Set Aside the Verdict. The Court denied counsel's motion. Defendant's next Motion for Judgment of Acquittal was filed April 11, 2005, almost nine months after the jury's verdict. Consequently, Defendant's Motions for Judgment of Acquittal and/or Reversal are untimely and hereby <u>denied</u>.

### C. Motion Objecting to Homicide Enhancement and Memorandum in Support of Motion Objecting to Homicide Enhancement [Docs. ##499, 547]

Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *United States v. Booker*, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004), Defendant contends that the Court's use of a homicide enhancement in determining his sentence violates the Sixth Amendment.[4] Defendant argues that such enhancement increases the penalty for a crime beyond the prescribed statutory maximum based on facts found by the Court, not by a jury.

As discussed above, the *Booker* court found that enhancing a sentence based on facts found by the court alone and not by a jury violated the Sixth Amendment imperative that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The *Booker* court concluded that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone. *Booker*, 125 S. Ct. at 756. In following *Booker*, the Fourth Circuit held that a sentence enhanced based on facts found by the court, rather than upon facts found by the jury or

---

[4]The homicide cross-reference is found in USSG § 2D1.1(d)(1) to USSG § 2A1.1.

admitted by the defendant constitutes plain error that affects the defendant's substantial rights. *United States v. Hughes*, 401 F.3d 540, 547-48 (4ᵗʰ Cir. 2005).

In addition to affirming *Apprendi*, the *Booker* court further ruled that although courts are no longer bound by the Sentencing Guidelines, a court must consult the Guidelines and take them into account when sentencing. *Id.* Therefore, a district court must first determine the appropriate sentencing range under the Guidelines, which includes making all factual findings appropriate for the determination, and then consider this sentencing range along with other factors described 18 U.S.C. § 3553(a) prior to imposing a sentence. *Hughes*, 401 F.3d at 546. If the resulting sentence falls outside of the Guideline range, the court must then explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). *Id.* In any event, the sentence must be "within the statutorily prescribed range and . . . reasonable." *Id.* at 547.

In the instant case, Defendant has not yet been sentenced, so his objection to the Court's use of the homicide enhancement is premature. In any event, the Court is aware of the various factors that it must take into consideration in determining whether the homicide enhancement is applicable. Consequently, the Court will hear evidence at Defendant's sentencing hearing with regard to the applicability of the homicide enhancement.[5] Therefore, Defendant's Motion Objecting to Homicide Enhancement is premature and is hereby  denied.

**D.     Motions Pursuant to Violation of Sixth and Fourteenth Amendments** [Docs. ## 503, 505, 506, 548, 550 ]

In these Motions, Defendant makes numerous arguments regarding evidentiary issues that occurred during trial. Specifically, Defendant contends his Sixth  and Fourteenth Amendment

---

[5]During Defendant's sentencing hearing, both Defendant and the Government will have an opportunity to present evidence, including testimony of witnesses, with regard to the applicability of the homicide enhancement and other factors relating to the Court's calculation of Defendant's sentence.

rights were violated through declarations used to obtain the search warrant affidavits. Defendant further asserts that the omission of Tony Caldwell and Jurrill [sic] Sturgis' declarations violated his constitutional rights. Moreover, Defendant alleges that his rights were violated when testimony of his co-conspirators was admitted into evidence without Defendant's right to cross-examine these witnesses.

These evidentiary issues are not properly before this Court and must be raised by Defendant on appeal *after* sentencing. *See e.g., Department of Transportation v. Elm Land Co.*, 163 N.C. App. 257, 267, 593 S.E.2d 131, 138 (2004) (noting that the Court of Appeals must make the determination of whether the district court abused its discretion in determining whether the proffered evidence was relevant to the issues being tried). Defendant has not yet been sentenced, nor is this the Fourth Circuit Court of Appeals, therefore, Defendant's Motions Pursuant to Violation of Sixth and Fourteenth Amendment are <u>denied</u>.

**E.  Motion Pursuant to Violation of Fifth and Sixth Amendments** [Doc. # 504]

Defendant states that his Fifth and Sixth Amendment rights were violated when the declarations of Tony Caldwell, Larry Robinson, and "other non-testifying declarants" were admitted into evidence. Defendant contends that these declarations violated his right to remain silent and his right to counsel in light of the fact that on April 12, 2003, Sergeant Johnson attempted to question him regarding the homicide investigation and Defendant invoked these rights.

Again this evidentiary issue is not properly before this Court and must be raised by Defendant on appeal *after* sentencing. *See e.g., Department of Transportation v. Elm Land Co.*, 163 N.C. App. 257, 267, 593 S.E.2d 131, 138 (2004) (noting that the Court of Appeals must

make the determination of whether the district court abused its discretion in determining whether

the proffered evidence was relevant to the issues being tried).  Defendant has not yet been

sentenced, therefore, his Motion Pursuant to Violation of Fifth and Sixth Amendment is <u>denied</u>.

**F.      Motion Objecting to Denial of Motion to Suppress Evidence; Motion Objecting to the Erroneously Admitted Co-Conspirator Statements; Motion Objecting to Erroneously Admitted 404(b) Evidence; Motion Objecting to 404(b) Evidence; and Motion Objecting to Tampered and Insufficient Evidence** [Docs. ##507, 508, 509. 510, 514]

Similar to his contentions in his Motions for Violations of Sixth and  Fourteenth

Amendments, Defendant takes issue with numerous evidentiary rulings made during his trial.

First, Defendant objects to the Court denying his motion to suppress with regard to evidence

seized pursuant to a search warrant.  Second, Defendant argues that the statements of his co-

conspirators, which were admitted into evidence, were inadmissable hearsay and were not made

during or in furtherance of a conspiracy.  Third, Defendant contends that the Court should not

have permitted the introduction of money evidence as such evidence was the result of an illegal

search and seizure.  Fourth, Defendant objected to "the erroneous admission of prior trial from

Washington D.C."  Finally, Defendant asserts that blood evidence presented at trial had been

tampered with and was insufficient.  Notably, all of these allegations are unsubstantiated.

Similar to Defendant's other motions, these evidentiary issues are not properly before this

Court and must be raised by Defendant on appeal to the Fourth Circuit Court of Appeals *after*

sentencing. *See e.g., Department of Transportation v. Elm Land Co.*, 163 N.C. App. 257, 267,

593 S.E.2d 131, 138 (2004) (noting that the Court of Appeals must make the determination of

whether the district court abused its discretion in determining whether the proffered evidence was

relevant to the issues being tried).  Defendant has not yet been sentenced, nor is this the Fourth

Circuit Court of Appeals, therefore, Defendant's Motion Objecting to Denial of Motion to Suppress Evidence; Motion Objecting to the Erroneously Admitted Co-Conspirator Statements; Motion Objecting to Erroneously Admitted 404(b) Evidence; Motion Objecting to 404(b) Evidence; and Motion Objecting to Tampered and Insufficient Evidence are all hereby  denied.

**G.      Motion Objecting to the Denial of Severance** [Doc. # 511]

Defendant argues that this Court erred when it denied him the right to sever his trial from that of his co-defendants.  Defendant maintains that evidence introduced against his co-defendants and statements made by counsel for the co-defendants substantially influenced the jury's verdict with regard to Defendant.

Rule 8 of the Federal Rules of Criminal Procedure "contemplates the joinder of offenses and defendants in cases where the defendants are charged in a single common scheme or plan." *United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995).  Specifically, the government may join defendants if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. . . . All defendants need not be charged in each count."  FED. R. CRIM P. 8(b).  Notably, "[t]he government has broad discretion in initiating and structuring a prosecution, including the joinder of claims and defendants which qualify for joinder under Rule 8."  *Smith*, 44 F.3d at 1266.

Despite the government's ability to join offenses and defendants, Rule 14 of the Federal Rules of Criminal Procedure gives the district court discretion to order separate trials on counts and/or defendants if the joinder appears to prejudice a defendant.  "Such prejudice may be shown only where there is a 'serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"

11

*Smith*, 44 F.3d at 1266 (quoting *Zafrio v. United States*, 506 U.S. 534, –, 113 S. Ct. 933, 938 (1993)).  In deciding whether to grant a Rule 14 motion, the court must "balance any possible prejudice to the accused against the interests of the efficient administration of justice."  *Cole*, 857 F.2d at 974 (citations omitted).  The defendant seeking severance must make a "strong showing of prejudice."  *United States v. Platt*, 734 F. Supp. 1197, 1200 (W.D.N.C. 1990).

This Court has made clear that "[a] defendant is not entitled to a separate trial merely because it might offer a better chance of acquittal."  *Id.* (quotations omitted).  If, by use of a limiting instruction by the court, the jury can apply evidence separately as to each defendant, severance is not appropriate.  *Id.*  "A claim of disparity of evidence will only result in severance in the most extreme case where the prejudice is clearly beyond the curative powers of a cautionary instruction."  *Id.*

In the instant case, prior to trial there was no motion by Defendant or his attorney, asking the Court to sever Defendant's case from that of his co-defendants.  Consequently, there was not a refusal by the Court to sever Defendant's case.  In any event, Defendant was not prejudiced by joinder of his trial with that of his co-defendants'.  Moreover, if Defendant is intent on proceeding with this Motion, it is not a proper Motion for this Court but must be raised by Defendant after his sentencing and during his appeal, if any, before the Fourth Circuit Court of Appeals.  Therefore, Defendant's Motion Objecting to the Denial of Severance is hereby  denied.

**H.     Motion Objecting to Prosecutor Misconduct During Grand Jury Proceedings; Motion Objecting to Improper Questions Asked by Prosecutor; and Motion Informing Court of Deliberate Fraud by Prosecutor** [Docs. ##512, 513, 542, 543]

Defendant first contends that the prosecutor manipulated the grand jury proceedings by resubmitting evidence in a different form that was not presented during two prior grand jury

proceedings. Next Defendant argues that the prosecutor committed misconduct by asking improper questions and this Court erred in permitting the prosecutor to ask the Defendant questions about the charged offense and statements Defendant allegedly made to Tony Caldwell about a homicide. Finally, Defendant states that the prosecutor deliberately defrauded the Court by orchestrating Tony Caldwell's false testimony.

These Motions filed by Defendant go to the credibility of witnesses and the Court's rulings regarding the admissibility of evidence. Again, these evidentiary issues are not properly before this Court and must be raised by Defendant on appeal to the Fourth Circuit Court of Appeals *after* sentencing. *See e.g., Department of Transportation v. Elm Land Co.*, 163 N.C. App. 257, 267, 593 S.E.2d 131, 138 (2004) (noting that the Court of Appeals must make the determination of whether the district court abused its discretion in determining whether the proffered evidence was relevant to the issues being tried). Defendant has not yet been sentenced nor is this the Court of Appeals. Therefore, Defendant's Motion Objecting to Prosecutor Misconduct During Grand Jury Proceedings; Motion Objecting to Improper Questions Asked by Prosecutor; and Motion Informing Court of Deliberate Fraud by Prosecutor are all hereby <u>denied</u>.

**I.      Motion for Ineffective Assistance of Counsel** [Doc. #515]

In his Motion alleging ineffective assistance of counsel, Defendant lists a litany of errors allegedly committed by his attorney prior to and during the trial. Defendant maintains that his attorney's representation fell below the objective standard of reasonableness and that but for counsel's errors, there is a reasonable probability that the proceedings would have been different. Notably, these allegations are unsupported by any evidence.

In order to press his claim of ineffective assistance of counsel, Defendant has to wait to

either file a direct appeal to the Fourth Circuit Court of Appeals or file a motion to vacate or set aside his judgment pursuant to 28 U.S.C. § 2255. Defendant has not yet been sentenced, thus there is no judgment to set aside. Moreover, Defendant must wait until after sentencing to file a notice of appeal. Therefore, Defendant's Motion for Ineffective Assistance of Counsel is  denied.

**J.**      **Motion for *Brady* Material** [Doc. #520]

Defendant asks the Court to order the prosecutor in this matter to turn over all exculpatory and inculpatory evidence, and contends that this " *Brady* material" is essential to his defense in upcoming proceedings.

On April 22, 2003, United States Magistrate Judge Carl Horn entered a Standard Discovery Order, which required disclosure of specific information to defense counsel. As stated in this Order, unless notified by the Government, the Court presumed that the Government would adhere to its Open-File Policy. The Government did not object to this Order. Consequently, the Open-File Policy governed these proceedings and all information permitted to be disclosed by the Order was given by the Government to Defendant's attorney. Consequently, any information properly disclosed during discovery would be in the possession of Defendant's attorney. Therefore, Defendant's recourse to receive the information that he requests in this Motion would be to contact his stand-by counsel and request the information, presuming that Defendant has not already been provided with all such information. Thus, Defendant's Motion for  *Brady* Material is hereby denied.

**K.**      **Motion Objecting to the Career Offender Enhancement and Objection to Prior Convictions for Assault on Government Official** [Doc. #522]

Defendant objects to the "Career Offender" enhancement to his sentence and to the

finding that his prior conviction for assault on a Government official is a crime of violence. Relying in part on *United States v. Booker*, 125 S. Ct. 738 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004), Defendant argues that the enhancement of his sentence based on his prior conviction of assault on a government official is unconstitutional as such enhancement is required to be found by a jury.

Defendant's reliance on *Booker* and *Blakely* is misplaced. In both of those cases, the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in which the Court found that " *[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added). Thus, this Court is clearly permitted to take into account Defendant's prior conviction in determining his sentence for his conviction in this matter without violating the precepts of *Apprendi*, *Booker*, or *Blakely*. With regard to Defendant's arguments that there was insufficient evidence that his prior offense involved actual, attempted, or threatened physical force, such arguments are not properly before this Court. Any argument Defendant has with regard to his prior conviction must be dealt with before the appropriate appeals court. Therefore, Defendant's Motion Objecting to the Career Offender Enhancement and Objection to Prior Convictions for Assault on Government Official is hereby denied.

**L.    Motion for Grand Jury Transcripts** [Doc. #528]

Defendant asks the Court to supply him with copies of transcripts of testimony given before the grand jury on August 5, 2002, at which time Andreas Garcia and Phillip Morrison were indicted. Without further explanation, Defendant contends that these transcripts are "highly

essential to preparation for defense in upcoming proceedings."

Rule 16 of the Federal Rules of Criminal Procedure allows a defendant to receive a copy of his own testimony given before a grand jury. FED. R. CRIM. P. 16(a)(1)(A). Notably, however, this Rule explicitly prohibits a defendant from receiving grand jury testimony of other individuals unless permitted under other Federal Rules of Criminal Procedure. FED. R. CRIM. P. 16(a)(3). Defendant has not shown any right to receive copies of grand jury transcripts, nor has he advised the Court which individual's testimony he seeks to obtain. Furthermore, Defendant's stand-by counsel may have copies of grand-jury testimony of any witness called by the United States during Defendant's trial.[6] To the extent that stand-by counsel has such transcripts, the Court requests that he provide copies to Defendant. Otherwise, Defendant's Motion for Grand Jury Transcripts is hereby denied.

**M.  Motion for Reconsideration of Order Denying Subpoena of Witnesses and Motion for Witnesses to be Subpoenaed** [Docs. ##541, 553, 554]

Defendant asks the Court to reconsider its prior Order denying Defendant's Motion to Subpoena Witnesses and files another Motion to Subpoena Witnesses. Specifically, Defendant requests that the Court subpoena the following individuals: (1) Quincy Demry; (2) Jerrery Wafer; (3) Trooper Owens; (4) Omar Crittington; (5) Steven Battle; (6) Judge Richard Voorhees; and (7) Tanesha Turner. Defendant contends that Judge Voorhees and Trooper Owens have information regarding the Assistant United States Attorney presenting false evidence and testimony during

---

[6]The Federal Rules of Criminal Procedure provide that the grand-jury testimony of any witness called by the United States at trial must be turned over to the defense at the close of the direct examination of the witness to the extent that the grand-jury testimony relates to the subject matter to which the witness has testified at trial. FED. R. CRIM. P. 26.2(a).

Defendant's trial. Defendant further states that "other requested witnesses [sic] testimony will solidify other pertinent issues that will also bolster defendant [sic] defense." A review of Defendant's Motion leads the Court to conclude that Defendant wishes to subpoena these witnesses in defense of the charges brought against him in the Bill of Indictment as well as to support his contention of prosecutorial misconduct. With regard to the use of witnesses in defense of the charges brought against Defendant, the Court reminds Defendant that he has already been tried by a jury in this case and the trial was his opportunity to present witnesses in his defense. The opportunity to present witnesses in his defense of the charges in this matter is now past. Moreover, with regard to Defendant's contention of misconduct by the Assistant United States Attorney, as noted by the Court above, these evidentiary issues are not properly before this Court and must be raised by Defendant on appeal to the Fourth Circuit Court of Appeals *after* sentencing. *See e.g., Department of Transportation v. Elm Land Co.*, 163 N.C. App. 257, 267, 593 S.E.2d 131, 138 (2004) (noting that the Court of Appeals must make the determination of whether the district court abused its discretion in determining whether the proffered evidence was relevant to the issues being tried). Defendant has not yet been sentenced nor is this the Court of Appeals. Thus, Defendant is not entitled to subpoena witnesses in his attempt to establish that the Assistant United States Attorney presented false witnesses and/or testimony. Therefore, Defendant's Motion for Reconsideration of Order Denying Subpoena of Witnesses and Motion for Witnesses to be Subpoenaed are both hereby denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Court **DENIES** the following Motions filed

by Defendant:

1.  Motion Objecting to Drug Type and Amount and Affidavit of Roderick Williams in Support, both filed April 1, 2005 [Docs. ##493, 494];

2.  Motion for Judgment of Acquittal or Reversal, filed April 11, 2005 [Doc. #496] and Affidavit of Roderick Williams, filed April 28, 2005 [Doc. #527];

3.  Motion Objecting to Drug Type and Amount, filed April 11, 2005 [Doc. #497];

4.  Motion Objecting to Homicide Enhancement, filed April 11, 2005 and Memorandum in Support of Motion Objecting to Homicide Enhancement, filed May 26, 2005 [Docs. ##499, 547];

5.  Motion Pursuant to Violation of 6th and 14th Amendments, filed April 14, 2005 [Doc. # 503];

6.  Motion Pursuant to Violation of 5th and 6th Amendments, filed April 14, 2005 [Doc. # 504];

7.  Motion Pursuant to Violation of 6th and 14th Amendments, filed April 14, 2005 [Doc. # 505];

8.  Motion Pursuant to Violation of 6th and 14th Amendments, filed April 14, 2005 [Doc. # 506];

9.  Motion Objecting to Denial of Motion to Suppress Evidence, filed April 15, 2005 [Doc. # 507];

10. Motion Objecting to the Erroneously Admitted Co-Conspirator Statements, filed April 14, 2005 [Doc. #508];

11. Motion Objecting to Erroneously Admitted 404(b) Evidence, filed April 14, 2005 [Doc. # 509];

12.     <u>Motion Objecting to 404(b) Evidence</u>, filed April 14, 2005 [Doc. #510];

13.     <u>Motion Objecting to the Denial of Severance</u>, filed April 14, 2005 [Doc. #511];

14.     <u>Motion Objecting to Prosecutor Misconduct During Grand Jury Proceedings</u>, filed April 14, 2005 [Doc. #512];

15.     <u>Motion Objecting to Improper Questions Asked by Prosecutor</u>, filed April 14, 2005 [Doc. #513];

16.     <u>Motion Objecting to Tampered and Insufficient Evidence</u>, filed April 14, 2005 [Doc. # 514];

17.     <u>Motion for Ineffective Assistance of Counsel</u>, filed April 14, 2005 [Doc. #515];

18.     <u>Motion for *Brady* Material</u>, filed April 18, 2005 [Doc. #520];

19.     <u>Motion Objecting to the Career Offender Enhancement and Objection to Prior Convictions for Assault on Government Official</u>, filed April 22, 2005 [Doc. #522];

20.     <u>Motion for Grand Jury Transcripts</u>, filed April 28, 2005 [Doc. #528];

21.     <u>Motion for Judgment of Acquittal and/or Reversal</u>, <u>[First] Affidavit of Roderick Williams in Support of Motion Requesting Judgment of Acquittal and/or Reversal</u>, <u>Affidavit of Roderick Williams to Accept Motion Requesting Judgment of Acquittal and/or Reversal as Original</u>, <u>[Second] Affidavit of Roderick Williams in Support of Motion for Judgment of Acquittal and/or Reversal</u>, <u>[Third] Affidavit of Roderick Williams in Support of Motion for Judgment of Acquittal and/or Reversal</u>, <u>[Fourth] Affidavit of Roderick Williams in Support of Motion for Judgment of Acquittal and/or Reversal</u>, all filed May 12, 2005 [Docs. ##532, 533, 534, 535, 536, 537];

22.     <u>Motion for Reconsideration of Order Denying Subpoena of Witnesses</u>, filed May 13, 2005 [Doc. #541];

23.     <u>Motion Informing Court of Deliberate Fraud by Prosecutor</u> and <u>Affidavit of Roderick Williams in Support of Motion Informing Court of Deliberate Fraud by Prosecutor</u>, both

filed May 13, 2005 [Docs. #542, 543];

24.     Motion Pursuant to Violation of 6th and 14th Amendments, filed June 1, 2005 [Doc. #548];

25.     Motion Pursuant to Violation of 6th and 14th Amendments and the Admissibility of Co-
        Conspirator Out of Court Declarations, filed June 9, 2005 [Doc. #550];

26.     Motion for Witnesses to be Subpoenaed and Affidavit of Roderick Williams in Support of
        Motion for Witnesses to be Subpoenaed, both filed July 11, 2005, and Addendum to
        Motion Requesting Witnesses to be Subpoenaed, filed September 30, 2005 [Docs. ##553,
        554, 578];

27.     Motion for Judgment of Acquittal and /or Reversal, filed September 9, 2005 [Doc. #570];

28.     Motion for Judgment of Acquittal and/or Reversal, filed September 30, 2005 [Doc. #
        572];

29.     Motion for Judgment of Acquittal and/or Reversal, filed September 30, 2005 [Doc. #
        573]; and

30.     Motion for Judgment of Acquittal and/or Reversal, Affidavit of Roderick Williams, [First]
        Affidavit - Addendum to Motion Requesting Judgment of Acquittal and/or Reversal,
        [Second] Affidavit - Addendum to Motion Requesting Judgment of Acquittal and/or
        Reversal, and Legal Argument Requesting Rule 29 Motion, all filed September 30, 2005
        [Docs. ##574, 575, 576, 577, 579].

        The Clerk is directed to send copies of this Order to Defendant, stand-by counsel for

Defendant, and the Assistant United States Attorney.

**Signed: October 14, 2005**

Richard L. Voorhees
United States District Judge