IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00204-RLV
(5:03-cr-00004-RLV-8)

RODERICK LAMAR WILLIAMS,    )
    )
    Petitioner,    )
    )
    v.    )
    )    **ORDER**
UNITED STATES OF AMERICA,    )
    )
    Respondent.    )
    )

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government. For the reasons that follow, the § 2255 motion will be dismissed as successive.

On December 19, 2005, Petitioner appeared for his sentencing hearing following a jury trial where he was convicted for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a quantity of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count 6); and two counts of using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 7 and 9). Petitioner was sentenced to concurrent terms of life imprisonment on Counts 1 and 6; and a term of 60-months' imprisonment on Count 7 and a term of 300 months' imprisonment on Count 9, with such terms to run consecutively to the terms imposed in Counts 1 and 6 yielding a total of two concurrent terms of life imprisonment plus 360-months in prison. (5:03-cr-00004, Doc. No. 641: Judgment in a Criminal Case). Petitioner's

1

judgment was affirmed in all respects on direct appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Williams, 225 F. App'x 151 (4th Cir.) (unpublished), cert. denied, 550 U.S. 978 (2007). [1]

Notwithstanding the present motion, Petitioner has filed three § 2255 motions that have been dismissed as unauthorized, successive motions. (5:13-cv-00108-RLV; 5:14-cv-00081-RLV; 5:14-cv-00129-RLV).[2] In this motion, Petitioner argues that one or more SBI agents that testified at his trial either provided false or deceptive testimony regarding blood evidence recovered by law enforcement at a crime scene, and that these actions deprived him of a fair trial.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner recently filed for authorization to file a successive petition with the Fourth Circuit to present the substance of his challenge to the DNA testimony, and as of November 10, 2016, the petition has not been ruled upon. See In re: Roderick Williams, No. 16-3100 (4th Cir.

---

[1] A full discussion of the procedural history of Petitioner's criminal proceeding and his first habeas proceeding can be found in Case No. 5:08-cv-00041. (Doc. No. 76: Order).

[2] Petitioner was granted authorization by the Fourth Circuit to file a successive petition to bring a claim for relief based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). See (5:16-cv-00132-RLV).

Oct. 17, 2016). Consequently, because Petitioner is arguing that he has newly discovered evidence that could demonstrate by clear and convincing evidence that he is not guilty, he must await the Fourth Circuit's decision and file a new § 2255 motion to present his arguments to this Court if he is granted authorization. In other words, Petitioner is not allowed to file the present motion as a placeholder while he awaits a decision on his petition before the Fourth Circuit. Because this Court is without jurisdiction to consider the present motion, it must be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 14, 2016

3

Richard L. Voorhees
United States District Judge