UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-132-RLV
(5:03-cr-4-RLV-8)

| RODERICK LAMAR WILLIAMS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Petitioner Roderick Lamar Williams's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), and "Motion to Supplement Pursuant to Federal Rules of Civil Procedure, Rule 15" (Doc. No. 7). Also before the Court is the Government's Motion to Dismiss Williams's § 2255 Motion to Vacate. (Doc. No. 9.)

**I. BACKGROUND**

Williams was indicted on June 29, 2004, and charged with conspiracy to possess with intent to distribute powder and crack cocaine (Count One), 21 U.S.C. § 846; possession with intent to distribute cocaine (Count Six), 21 U.S.C. § 841; and two counts of possession of a firearm during and in relation to a drug-trafficking offense (Counts Seven and Nine), 18 U.S.C. § 924(c). Fourth Superseding Indict., Doc. No. 340.[1] A jury convicted Williams on all counts. Verdict, Doc. 364.

In Williams's presentence report ("PSR"), the probation officer grouped Counts One and

---

[1] Unless otherwise indicated, citations to documents that do not appear in parenthesis are from Petitioner's underlying criminal case: United States v. Williams, 5:03-cr-4-RLV-8, (W.D.N.C.), and citations to documents that appear in parenthesis are from the instant civil action: Williams v. United States, 5:16-cv-132-RLV (W.D.N.C.).

1

Six under United States Sentencing Guideline ("U.S.S.G.") § 3D1.2(d), and calculated a base offense level of 38 for those two counts, based on a drug quantity of more than 1.5 kilograms of crack cocaine, U.S.S.G. §2D1.1. PSR, Doc. 908 ¶¶ 52-53 (applying the 2004 U.S.S.G. Manual). The probation officer then applied the cross-reference to the murder guideline, U.S.S.G. § 2A1.1, because a victim was killed as part of Williams's offense conduct. Id. at ¶ 55. This cross-reference resulted in an adjusted offense level of 43. Id. at ¶ 59.

According to the PSR, Williams also qualified as a career offender under U.S.S.G. § 4B1.1, based on his prior convictions for assault on a government official. PSR, Doc. No. 908 ¶ 60. The highest offense level provided under § 4B1.1, however, is 37. See U.S.S.G. 4B1.1(b). Because the murder offense level was higher (43), the probation officer applied it, rather than the career offender guideline, to calculate Williams's sentencing guideline range. PSR, ¶ 60.[2]

Based on a total offense level of 43 and a criminal-history category of VI, the probation officer calculated a guidelines term of life in prison for Counts One and Six. Id. at ¶ 119. Additionally, Williams faced a mandatory consecutive term of not less than five years in prison for the first § 924(c) firearm offense (Count Seven) and a consecutive term of not less than 25 years in prison for the second § 924(c) offense (Count Nine). Id.

This Court sentenced Williams to concurrent life terms on the drug-trafficking counts, to a consecutive term of five years in prison for Count Seven and a consecutive term of 25 years in prison for Count Nine. Judgment, Doc. 641. Williams's judgment was affirmed on appeal. United States v. Williams, 225 F. App'x 151 (4th Cir. 2007) (unpublished).

Williams filed a timely motion to vacate, which this Court dismissed and denied on October 9, 2012. Order, Williams v. United States, No. 5:08-cv-00041-RLV (W.D.N.C Oct. 9.

---

[2] It is apparent the probation officer's reference in paragraph 60 to a level 43 as the offense level resulting from application of the career-offender guideline was a typographical error. See PSR, ¶¶ 52-53, 60.

2012), Doc. No. 55.  Williams subsequently filed several unauthorized successive motions to vacate, all of which were dismissed.[3]

On June 23, 2016, Williams sought authorization to file a successive motion to vacate in the Fourth Circuit Court of Appeals, contending that under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive to cases on collateral review, Welch v. United States, 136 S. Ct. 1257 (2016), he no longer qualifies as a career offender under the federal sentencing guidelines and his life-sentences for Counts One and Six, therefore, violate the Due Process Clause.  (Pet'r's §§ 2244, 2255(h) Mot. 4, Doc. No. 2-1.)  The Fourth Circuit granted Williams's motion and authorized him to file a successive § 2255 motion based on Johnson.  (4th Cir. Order, Doc. No. 2.)

Williams filed the instant § 2255 Motion to Vacate, raising the same claim as he had in the Fourth Circuit.  (Pet. 4, Doc. No. 1.)  The Court ordered the Government to respond (Doc. No. 5), but before it could do so, Williams filed a motion to supplement his § 2255 Motion to Vacate (Doc. No. 7).  Thereafter, the Court ordered the Government to address the timeliness of Williams's motion to supplement in its response to Williams's Motion to Vacate.  (Doc. No. 8.)

The Government subsequently filed a motion to dismiss Williams's Motion to Vacate. (Doc. No. 9.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court gave Williams the opportunity to respond to the Government's motion (Doc. No. 10), and Williams did so on January 9, 2017 (Doc. No. 11).

**II.     STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of an action based upon a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

---

[3] See Williams v. United States, No. 5:13-cv-00108-RLV (W.D.N.C. dismissed Aug. 13, 2013), Doc. No. 3; Williams v. United States, No. 5:14-cv-00081-RLV (W.D.N.C. dismissed June 10, 2014), Doc. No. 4; Williams v. United States, 5:14-cv-00129-RLV (W.D.N.C. dismissed Sept. 30, 2014), Doc. No. 4.

3

12(b)(6). To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). After examining the record in this matter, the Court finds that the claims presented in Williams's § 2255 Motion can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. Johnson Claim

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" Id. § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563. Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on

4

a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence.

Williams was not convicted of being a felon in possession of a firearm, in violation of § 922(g). Thus, his sentences were not enhanced under the ACCA. Williams contends, however, that the holding in Johnson extends to the career offender guideline in the United States Sentencing Guidelines. (Pet. 4.) Under that guideline,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a) (2004).

At the time Williams's sentence was calculated, the definition of "crime of violence" included a residual clause with the same, or similar, scope as the residual clause of the ACCA's violent-felony definition that the Johnson Court held violated the Due Process Clause. See U.S.S.G. § 4B1.2(a)(2) (2004). Williams contends that his prior North Carolina convictions for assault on a government official no longer qualify as predicate offenses under § 4B1.1(a), because they satisfy only the residual clause of the guideline's definition of "crimes of violence," § 4B1.2(a)(2). (Pet'r's Mem. of Law 6, Doc. No. 4.) Consequently, Williams argues, he no longer qualifies as a career offender under the sentencing guidelines, and his sentences for Counts One and Six must be vacated. (Pet. 4.)

The Government argues that Williams's claim is procedurally defaulted and without merit, as Williams was not sentenced as a career offender. The Court need not reach either of those issues because Williams's argument is foreclosed by the Supreme Court's opinion in Beckles v. United States, 137 S. Ct. 886 (2017), which was issued after the parties filed their pleadings in this action.

In Beckles, the Supreme Court held that the advisory Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to a vagueness challenge under the Due Process Clause because the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," id. at 892. Williams was sentenced on December 19, 2005, after the Supreme Court issued its opinion in United States v. Booker, 543 U.S. 220 (2005). Judgment 1, Doc. No. 641. Thus, the guidelines sentencing ranges for Counts One and Six were advisory, not mandatory. Consequently, even if Williams was sentenced as a career offender on Counts One and/or Six, the holding in Johnson has no bearing on his career offender status or his sentences. See Beckles, 137 S. Ct. at 892.

Williams is not entitled to relief on his Johnson claim. Therefore, his Motion to Vacate shall be dismissed.

**B.  Motion to Supplement**

In his "Supplemental Motion Supporting Authorized Second or Successive 28 U.S.C. 2255," Williams contends that "a proper assessment of the applicable guideline range for Count Six is warranted, once constitutional Johnson error is removed and the district court begins assessing re-sentencing options." (Suppl. Mot. 3, Doc. No. 6.) Specifically, Williams asserts that under Fourth Circuit precedent, the District Court would no longer be able to apply the murder cross-reference to Count Six. (Suppl. Mot. 3.) Believing Williams to be seeking to amend his Motion to Vacate with a free-standing claim that his sentence for Count Six was invalid because of the murder cross-section application, the Court directed the Government to address the timeliness of Williams's Motion. (Order, Doc. No. 8.) The Government argued the motion should be denied as untimely.

In his Response to the Government's Motion to Dismiss, Williams states that the

6

"government misapprehends Movant's supplemental motion to suggest Movant is raising a new legal argument for relief. This is not the case." (Pet'r's Resp. 6, Doc. No. 11.) Having reviewed Williams's memorandum of law in support of his Motion to Vacate (Doc. No. 4), his "Supplemental Motion Supporting Authorized Second or Successive 28 U.S.C. 2255" (Doc. No. 6), and his Response to the Government's Motion to Dismiss (Doc. No. 11), the Court concludes that it misconstrued Williams's Motion as an attempt to add a free-standing claim for relief. It is now evident that Williams is merely seeking to supplement his Motion to Vacate with argument and case law relevant to any resentencing the Court might order under Johnson. Based upon that understanding of Williams's filings, the Court will grant the Motion to Supplement.

IV. **CONCLUSION**

The Johnson ruling— finding the ACCA's residual clause void for vagueness—is inapplicable to the advisory United States Sentencing Guidelines. See Beckles, 137 S. Ct. at 894. To the extent Williams was sentenced as a career offender under the guidelines, he is not entitled to relief under Johnson, and his Motion to Vacate shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 9) is **GRANTED**;

2. Petitioner's "Motion to Supplement Pursuant to Federal Rules of Civil Procedure, Rule 15" (Doc. No. 7) is **GRANTED**;

3. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 16,

Richard L. Voorhees
United States District Judge