IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:03-CR-00004-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| RODERICK LAMAR WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant Roderick Lamar Williams' *pro se* motion to reduce his sentence pursuant to the First Step Act of 2018. (Doc. No. 1067). Having carefully reviewed the motion and all other relevant portions of the record, the Court will deny the motion because the range advised by the sentencing guidelines remains the same today as the guideline range that applied when Williams was sentenced, and the sentencing considerations described in 18 U.S.C. § 3553(a) do not warrant a reduction below the advised guidelines range.

## I. BACKGROUND

From about January 1995 through July 2003, Williams, along with numerous other co-conspirators, conspired to distribute cocaine and cocaine base in Iredell County, North Carolina. Williams travelled out of state and out of the country to buy large amounts of cocaine and crack and transport it back to North Carolina for distribution. He often carried firearms while engaging in these drug-trafficking transactions.

Williams was convicted by a jury on July 22, 2004 on charges of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute at least 500

1

grams of cocaine and aiding and abetting that possession, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Six); and two counts of possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Counts Seven and Nine). This Court sentenced Williams to life imprisonment on Counts One and Six, to be served concurrently, and to consecutive terms of sixty months' imprisonment on Count Seven, and 300-months' imprisonment on Count Nine, for a total term of imprisonment of life plus 360 months. Williams was also sentenced to a ten-year term of supervised release on Count One, an eight-year term of supervised release on Count Six, and five-year terms of supervised release on each of Counts Seven and Nine, all such terms to be served concurrently, and ordered to pay a $400 special statutory assessment. (*See* Doc. No. 641).

## II. LEGAL STANDARD

Finality is a vital attribute of criminal judgments and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Consequently, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances as outlined in 18 U.S.C. § 3582(c). Section 3582(c)(1)(B) permits modification if it is expressly permitted by statute. The First Step Act expressly permits the Court to modify a term of imprisonment, and, as such, motions under Section 404 of the First Step Act fall under the purview of 18 U.S.C. § 3582(c)(1)(B).

As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduces "the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger

2

mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 178-179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). "When imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it also must recalculate the Guidelines range," *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted), and "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing," *id.* at 668. Moreover, "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-

sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674.

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, Williams is clearly eligible for a reduction. *See* First Step Act § 404(a), 132 Stat. at 5222; *see also United States v. Lancaster,* 997 F.3d 171, 174 (4th Cir. 2021) ("We have concluded that a "covered offense" includes violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C)." (Citations omitted)).

Second, even if a defendant is eligible, the Court exercises its discretion in determining whether, and to what extent, to impose a reduced sentence. In doing so, the court must engage in a brief analysis that involves the recalculation of the sentencing guidelines considering "intervening case law," *see Chambers*, 956 F.3d at 672, and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a), *id.* at 674; *United States v. Collington,* 995 F.3d 347, 352 (4th Cir. 2021). And, as noted above, in considering the § 3553(a) factors, the court can consider a defendant's conduct after his initial sentencing. *See Chambers*, 956 F.3d at 674.

This brief analysis is broken down into three steps. First, the Court must accurately recalculate the Guidelines Sentencing range. Next, any original guideline errors are corrected, and any intervening case law made retroactive is applied. Lastly, the Court must consider the § 3553(a) factors to determine what sentence is appropriate. *Collington*, 995 F.3d at 355.

First, there has been no change in the Guideline Sentence range. If Williams were sentenced today, the range advised by the guidelines for his offenses would remain the same as it was in

4

2005, Life imprisonment. (Doc. No. 1069, at 2). This is the case because Williams' offense level is based upon a cross-reference to Murder (USSG § 2A1.1). *Id.* Accordingly, Williams' sentence is still a guideline sentence.

Second, there are no original guideline errors to correct or retroactive intervening case law to apply to Williams' sentence. In any event, Williams asks this Court to consider the changes made to 21 U.S.C. § 851. It is undisputed, and Williams concedes, that the changes to 21 U.S.C. § 851 are not retroactive and therefore do not apply to his case. *See United States v. Belle*, No. 3:06-748-JFA, 2021 U.S. Dist. LEXIS 199069, at *7 (D.S.C. Oct. 15, 2021). That said, Williams correctly points out that the Fourth Circuit has held that courts may apply changes retroactively even if the relevant statute provides that the change is not retroactive. *See e.g., Lancaster*, 997 F.3d 171; *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Yet were the Court to consider Williams' sentencing guidelines without the § 851 enhancement, there would still be no change to his guideline range. Williams' total offense level of 43 would remain the same because of the murder cross-reference.

Additionally, the Court notes Williams was originally sentenced to two counts of 18 U.S.C. § 924(c), which were "stacked" for an enhanced total term of 360 months imprisonment to run consecutive to the life term of imprisonment imposed. The First Step Act of 2018, which became effective December 21, 2018, includes a provision that eliminates multiple convictions of 18 U.S.C. § 924(c) imposed simultaneously being "stacked" for enhanced penalties. However, this provision only applies to an offense that was committed before the date of enactment of the First Step Act, December 21, 2018, and if a sentence for the offense had not been imposed. *See McCoy*, 981 F.3d at 275 (citing§ 403(b), 132 Stat. at 5222). Because Williams was sentenced for these

5

Case 5:03-cr-00004-KDB-DSC   Document 1070   Filed 04/05/22   Page 5 of 7

offenses on December 19, 2005, this provision of the First Step Act is not applicable in this case and the Court declines to apply it.

And finally, the Court considers the § 3553(a) factors. Williams offers several arguments contending that the § 3553(a) factors support a reduced sentence. First, Williams argues that the requested reduction reflects the seriousness of the offense. He maintains that he only served short prison sentences prior to his current sentence but now has spent almost half of his life in custody which should be sufficient. Further, Williams urges the Court to ignore the murder cross-reference because its application was improper.[1] Thus, a reduction is warranted to bring his sentence in-line with other "similar" defendants. Next, Williams argues that a reduction in his case would be in keeping with the recent wave of reductions due to the First Step Act. And lastly, Williams states his remorse, acceptance, record of programming in the B.O.P., and support network for re-entry justify a reduction.

Having considered Williams' arguments and the § 3553(a) factors, the Court finds, on balance, they weigh against a reduction. Williams' criminal history is lengthy, and even numerous, albeit short, sentences of incarceration and imprisonment failed to deter him from further crime. (*See* Doc. No. 908). Williams has racked up eighteen citations while incarcerated including abundant citations for fighting. (*See* Doc. No. 1069). Moreover, his sentence does not create unwarranted sentencing disparities. One of the goals of the Sentencing Guidelines is to avoid national sentencing disparities amongst similar offenders with similar criminal conduct. *See, e.g.*, *United States v. Johnson*, 445 F.3d 339, 343 (4th Cir. 2006). Thus, the best way to avoid unwarranted sentencing disparities is for the district court to impose a sentence within the

---

[1] Williams has already appealed the murder cross-reference and the Fourth Circuit held the Court properly applied it. *See United States v. Williams*, 225 F. App'x 151, 154 (4th Cir. 2007)

guidelines range. Williams' sentence was within the guideline range when imposed and remains within the guideline range today. Williams' receipt of a sentence within the guidelines range is the best evidence that he received a similar sentence as defendants with similar records who have been found guilty of similar conduct. Last but not least, Williams was convicted of extremely serious offenses. Drugs are a scourge of society and Williams participated in a lengthy conspiracy to inundate the community with them. Further, the Court found "credible testimony shows the defendant by the preponderance of the evidence was involved in and committed the murder of Bobby Houston." (Doc. No. 694 p.189). Life imprisonment properly reflects the seriousness of these offenses.

In sum, the Court finds that after a recalculation of the guidelines range and consideration of the § 3553(a) factors, Williams is not entitled to relief under the First Step Act.

## I.  ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion to reduce his sentence pursuant to the First Step Act of 2018, (Doc. No. 1067), is **DENIED.**

Signed: April 5, 2022

Kenneth D. Bell
United States District Judge