IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:03-CR-00004-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RODERICK LAMAR WILLIAMS, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Roderick Lamar Williams's *pro se* Motion to Correct the Record Under Federal Rule of Criminal Procedure 36 ("Motion") (Doc. No. 1090) and Williams's *pro se* Motion to Expedite (Doc. No. 1094). Mr. Williams argues that the Court should order the Probation Officer assigned to his case to correct his Presentence Report ("PSR") by removing his career offender designation and recalculating his criminal history points because one of the underlying state criminal convictions which led to his career offender status was vacated. Having carefully reviewed Mr. Williams's Motion, applicable legal authority, and the facts of this case, the Court will **DENY** the Motion.

Federal Rule of Criminal Procedure 36 ("Rule 36") authorizes the Court, "[a]fter giving any notice it considers appropriate, . . . [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." PSRs "constitute[] an 'other part of the record' amenable to correction under Rule 36." *United States v. Vanderhorst*, 927 F.3d 824, 826 (4th Cir. 2019) (citing *United States v. Mackay*, 757 F.3d 195, 198 (5th Cir. 2014)).

The "errors most commonly subject to correction under Rule 36 are … recording or scrivener's errors that make a difference." *United States v. Powell*, 266 F. App'x 263, 266 (4th

Cir. 2008) (citation omitted); *United States v. Dillman*, No. 5:11-CR-0044, 2019 WL 7169786, *3 (W.D. Va. Dec. 24, 2019) ("The federal rules do not define 'clerical error,' but courts have held that a clerical error 'must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" (quoting *Connor v. United States*, No. DLC 09-0424, 2011 WL 1322402, *3 (D. Md. 2011))). Other examples of errors subject to correction under Rule 36 include the omission of a forfeiture order, erroneous citations to the controlling statute in a judgment, incorrect amounts in a restitution order, and reference in a criminal judgment to the charge in the indictment rather than the lesser included offense to which the defendant pled guilty. *See Dillman*, 2011 WL 1322402, at *3 (collecting cases).

However, Rule 36 cannot support a motion to amend a substantive legal error, even when the movant presents it as a clerical error.[1] *See United States v. Roberts*, No. 3:09-CR-78-HEH, 2015 WL 13649104, at *1 (E.D. Va. Aug. 19, 2015). Accordingly, the Court must look at the substance of the motion, rather than its form, to determine whether it improperly seeks to address a substantive legal error. *See Vanderhorst*, 927 F.3d at 828; *Dillman*, 2019 WL 7169786, at *3 ("Although [defendant] couches his arguments in terms of clerical errors, the essence of his argument is that the convictions should not have been used as a basis for the career offender designation, the § 851 enhancement, or the Guidelines calculation . . . . any error in the use of the prior convictions was a substantive legal error and Rule 36 does not contemplate correction of such an error."). Also, where a defendant is clearly seeking to challenge his sentence, a Rule 36

---

[1] In limited circumstances, a successful Rule 36 motion may substantively affect a sentence, such as when the clerical error "likely resulted in the imposition of a longer sentence than would have been imposed absent the error." *Vanderhorst*, 927 F.3d at 827. However, that does not apply here because the alleged error Mr. Williams seeks to correct is substantive, rather than clerical, in nature.

motion must fail. *See Roberts,* 2015 WL 13649104, at *1 ("Roberts truly challenges the Court's finding that he is a career offender. Roberts argues that the convictions used to enhance his sentence were improperly counted based on a clerical error in state court. He claims he was 'deemed a Career Offender because of the clerical error and [his] sentence is being extended by more than ten years.' Roberts clearly challenges his sentence. Accordingly, Roberts's Rule 36 Motion falls outside the scope of Rule 36 . . .").

Here, Mr. Williams asks the Court to order the Probation Officer to correct his PSR by removing his career offender designation and recalculating his criminal history points because some of his state court convictions were vacated after Mr. Williams was sentenced by this Court. This is an alleged substantive legal error, not a clerical one, and Mr. Williams is in effect challenging his sentence so Rule 36 cannot provide the relief Mr. Williams seeks. Accordingly, Mr. Williams's Rule 36 Motion must be denied.

**IT IS, THEREFORE, ORDERED**, that the Defendant's Motion to Correct the Record Under Federal Rule of Criminal Procedure 36 (Doc. No. 1090), is **DENIED.**

Signed: November 1, 2023

Kenneth D. Bell
United States District Judge